UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

Plaintiff,

v.

VINTAGE CENTER LLC, et al.,

Defendants.

No. 2:17-cv-02560-MCE-CKD

**MEMORANDUM AND ORDER**

Through the present action, Plaintiff Scott Johnson seeks damages and injunctive relief against remaining Defendant Bryan Takeo Corrie ("Defendant") for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51. Plaintiff claims he encountered various physical barriers at Defendant's restaurant in Sacramento, California. Plaintiff has moved for summary judgment, ECF No. 22, in response to which Defendant filed an Opposition, ECF No. 24, briefly arguing that Plaintiff is not entitled to multiple statutory damages for actual visits and deterrence. For the reasons that follow, Plaintiff's Motion is GRANTED.[1]

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered the Motion submitted on the briefs pursuant to Local Rule 230(g).

1

**ANALYSIS**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378–79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. "However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden." In re Brazier Forest Prods. Inc., 921 F.2d 221, 223 (9th Cir. 1990). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288–89 (1968).

///

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251–52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

As indicated, Defendant failed to oppose the bulk of Plaintiff's Motion. While "[a] district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition," Van Mathis v. Safeway Grocery, No. C 09-2026 WHA (PR), 2010 WL 3636213, at *1 (N.D. Cal. Sept. 14, 2010), the Court agrees here that Plaintiff has satisfied "[his] burden of showing [his] entitlement to judgment." Crisobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir. 1994)).

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)). The Unruh Act provides, in relevant part: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a quadriplegic, he is considered disabled within the meaning of the ADA. Defendant also owns the restaurant in question, and "a restaurant, bar, or other establishment serving food or drink" is considered a place of public accommodation under the ADA. See id. § 12181(7)(B). Finally, by not meeting

the requirements set forth in the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), Defendant's restaurant contains barriers to access. See Chapman, 631 F.3d at 945 ("Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access.") (citations omitted). Accordingly, Plaintiff has shown he is entitled to judgment for his claims under both the ADA and the Unruh Act.

Plaintiff seeks statutory damages under the Unruh Act for two violations: one violation for a single actual visit to the restaurant and one violation for all of the times he was deterred from returning after the fact. Pl.'s Reply in Supp. of Mot. for Summ. J., ECF No. 25, at 4. As the Unruh Act provides $4,000 in damages for each violation, Plaintiff has shown he is entitled to $8,000 in damages for the two violations.

## CONCLUSION

For the reasons provided, Plaintiff's Motion for Summary Judgment, ECF No. 22, is GRANTED. Defendant is ENJOINED to make his property compliant with the Americans with Disabilities Act and the Court awards Plaintiff statutory damages in the amount of $8,000.

IT IS SO ORDERED.

Dated: August 6, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE